UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALEJANDRO CESAR IBARRA,<br><br>            Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, et al.,<br><br>            Defendants. | Case No.  23-cv-02484-RMI<br><br>**ORDER ON ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B) AND PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 20, 31, 32 |

Now pending before the court is Plaintiff's attorney's petition for fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), which the court now evaluates on reconsideration. (Dkt. 20; Order, Dkt. 27.) Plaintiff has filed a Motion for Leave to Proceed In Forma Pauperis and a document titled Motion for Sanctions against his attorney. (Mot. IFP, Dkt. 31; Mot. Sanctions, Dkt. 32.) The court now reconsiders the motion for attorney's fees in light of Plaintiff's objections; the court will also address Plaintiff's motions.

**BACKGROUND**

Plaintiff's application for disability benefits was denied in the Commissioner's initial decision and upon reconsideration and denied in the initial administrative law judge's decision, and his request for review was denied by the Appeals Council. (Administrative Record, Dkt. 10, at 1, 30–31, 113, 136.) Plaintiff subsequently brought this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. 1.) This court approved a joint stipulation in Plaintiff's favor and remanded for further proceedings. (Order, Dkt. 15.) The court then granted the parties' stipulation for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and awarded $6,381.83 in attorney's fees to Plaintiff. (Order, Dkt. 19.)

On remand, the Commissioner granted Plaintiff's application and awarded him $108,738.00[1] in past-due benefits. (Mot. Attn'y Fees Ex. 3, Dkt. 20-3.) Under a contingency fee agreement, Plaintiff agreed to pay counsel up to 25% of any past-due benefits resulting from a favorable disability decision. (Mot. Attn'y Fees Ex. 1, Dkt. 20-1.) In the Notice of Change in Benefits, Plaintiff was informed that 25% of his past-due benefits amounted to $27,184.50 and that this amount was set aside to pay for his attorney's fees. (Mot. Attn'y Fees Ex. 3, Dkt. 20-3, at 2.) Plaintiff's attorney, Lawrence Rohlfing, then petitioned for $25,000.00 in attorney's fees under Section 406(b), and the Commissioner did not support or oppose the petition but requested that the court ensure that the requested fee was reasonable. (Mot. Attn'y Fees, Dkt. 20; Def.'s Resp., Dkt. 21.)

The court initially granted the petition for attorney's fees, (dkt. 22); however, upon a motion from Plaintiff, (dkt. 23), the court recognized that the order awarding fees was entered before the deadline for objections had passed and granted Plaintiff's motion for reconsideration. In the Order granting reconsideration, the court gave Plaintiff an additional fourteen days to file his objections to his attorney's fee petition and directed him to either request that his attorney file for him or file by mail at the provided address. (Order, Dkt. 27.) The court subsequently extended Plaintiff's time to file his objections by an additional fourteen days after receiving numerous emails and phone calls from Plaintiff expressing his need for more time, although nothing to this effect was filed and no specific extension was requested.[2] (Order, Dkt. 29.) Plaintiff subsequently

United States District Court
Northern District of California

---

[1] This amount is calculated using the 25% amount identified in the Notice of Benefits as a set-aside for attorney's fees. (Dkt. 20-3.)

[2] Most of Plaintiff's communications with the court's chambers requested "ADA accommodations" but did not specify the nature of those accommodations beyond a desire for extra time and more help with understanding the law and legal process. The Americans with Disabilities Act ("ADA") does not apply to federal courts, *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012), and this court cannot give legal advice to any party, including pro se litigants, *see, e.g.*, *Jacobsen v. Filler*, 790 F.2d 1362, 1364–66 (9th Cir. 1986) ("[Plaintiff] argues that it was the district court's duty to advise him of the measures he should take to oppose the defendants' motion . . . To give that advice would entail the district court's becoming a player in the adversary process rather than remaining its referee."); *Ilaw v. United States*, No. 11-CV-5000 RMW, 2012 WL 629244, at *3 (N.D. Cal. Feb. 27, 2012) ("The court is mindful of the fact that such rules may be quite difficult to navigate, but the clerk of the court is not obligated to provide legal advice [to a pro se litigant], even as to the proper procedure for filing . . . ."). Nevertheless, the court granted a standard two-week extension of time.

filed a Motion for Leave to Proceed In Forma Pauperis and a document titled Motion for Sanctions. (Mot. IFP, Dkt. 31; Mot. Sanctions, Dkt. 32.) During this time, Plaintiff called multiple chambers staff many times to discuss his objections. Plaintiff also continuously emailed the court, with the attorneys copied, including emailing a variety of documents that were not properly filed.

**LEGAL STANDARD**

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *See also Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). In passing Section 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Even if a fee request under § 406(b) is within the 25% statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced" for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [Social Security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

3

United States District Court
Northern District of California

**DISCUSSION**

First, Plaintiff's Motion for Reconsideration contains a twenty-four-page attachment titled "Exhibit 26," which appears to contain his response and objections to the fee request.[3] (Pl.'s Mot. Recon., Dkt. 23, at 4–27.) Plaintiff's response states that his attorney's performance was "substandard, 'and abusive.'" (Dkt. 23, at 5.) Plaintiff makes a number of arguments, including that Mr. Rohlfing would give him "word salad answers" or no answers at all to intimidate and take advantage of him; that Mr. Rohlfing failed to file his fee petition within the allotted time; that Mr. Rohlfing failed to notify him of relevant ALJ and court decisions and filings; that Mr. Rohlfing improperly asked him to sign an additional fee agreement; that Mr. Rohlfing has attempted to request a fee in excess of the authorized amount; that Mr. Rohlfing's reasoning for his requested hours is "faulty"; that Mr. Rohlfing's requested hourly rate is unreasonably high; and that the appropriate amount of fees for Mr. Rohlfing is $3,662.00. (Dkt. 23.)

Many of Plaintiff's objections are based on Social Security Administration ("SSA" or "the Agency") procedures, which are not relevant for the determination of reasonable fees awarded under Section 406(b) for work performed before this court.[4] Similarly, Plaintiff's objections to specific billing entries regard hours billed before the Agency that are not part of the fee request before this court. (Dkt. 28, 24–26.) Plaintiff also argues that Mr. Rohlfing's effective hourly rate is out of line with the rates in similar cases, and he points to a variety of sources, including cases involving lodestar calculations, to demonstrate this point. However, as the court explained in its

---

[3] Plaintiff's response refers to Exhibits 1 through 25, but these exhibits were never submitted to the court by either Plaintiff's attorney or Plaintiff through proper filings or by email. However, the failure to file these exhibits will not prevent the court from considering Plaintiff's objections because of the nature of the objections and because Plaintiff thoroughly explains the contents of these exhibits in his response. The court also notes that, while Plaintiff's attorney should have filed these exhibits if they were sent to him for filing, Plaintiff also failed to submit them anywhere despite successfully filing other documents and emailing many documents to the court.

[4] For example, Plaintiff explains in great detail his confusion over the timeline for review of attorney's fees awarded by SSA and his objections to the actions taken during that process by both his attorney and the Agency, but this court has no ability to award fees for work performed before the Agency and does not review the Agency's communications with Plaintiff for clarity. (Dkt. 28, 14–20.) Plaintiff also takes issue with the timeline for objections before this court compared to the timeline in SSA forms, and he says that he repeatedly protested the fee in communications with the Agency. (*Id.*)

4

United States District Court
Northern District of California

original order, counsel's requested effective hourly rate of $786.16[5] is not an excessive or unreasonable rate compared to other hourly rates approved in the Ninth Circuit in social security cases. *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting Ninth Circuit cases and finding an effective hourly rate of $2,307.69 to be reasonable); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an hourly rate of $1,325.34 reasonable in social security case under Section 406(b) and collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003) (approving a multiplier of three to the typical hourly rate for awards under 406(b)).

Plaintiff also repeatedly argues that the fee should be capped at $7,200.00, and that Mr. Rohlfing's fee request violates Section 2 of their fee agreement because Mr. Rohlfing did not represent him until his appeal and thereafter represented him at only one proceeding before SSA. (Dkt. 28, at 7–8.) This is a misunderstanding of both the fee agreement and the law. Section 2[6] of the fee agreement between Plaintiff and Mr. Rohlfing cites to 42 U.S.C. § 406(a)(2)(A), which governs fees for work performed before the Agency, and covers work performed at or before the first ALJ decision. The "first hearing decision from an ALJ" in this case was the unfavorable decision that Plaintiff and counsel subsequently appealed to this court for judicial review—thus, Section 4[7] of the fee agreement is the operative section, which awards Mr. Rohlfing 25% of past

---

[5] This hourly rate is calculated using the combination of attorney and paralegal hours billed, which is typical in the Ninth Circuit. *See L.M. v. Kijakazi*, No. 17-CV-03562-JCS, 2023 WL 7251505, at *3 (N.D. Cal. Nov. 2, 2023) ("In considering the effective hourly rate as a measure of reasonableness, it is not uncommon for courts to calculate that rate based on the total number of attorney and paralegal hours.") (collecting cases).

[6] Section 2 reads in its entirety: "In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive 25% of the past due benefits awarded by the Social Security Administration to the claimant or such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is $7,200.00 as of November 30, 2022, whichever is smaller, upon successful completion of the case at or before a first hearing decision from an ALJ. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject to expedited fee approval except as stated in ¶3." (Dkt. 20-1, at 1.)

[7] Section 4 of the fee agreement reads in its entirety: "If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court. Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney." (Dkt. 20-1, at 1.)

due benefits awarded upon the reversal of an unfavorable ALJ decision after judicial review. Because this case came before this court and was subsequently remanded for a favorable decision, 42 U.S.C. § 406(b) applies and Section 4 of the contingency fee agreement is in line with the statutory maximum for fees. *See Trice v. Colvin*, No. 2:13-CV-0319 DAD, 2014 WL 6685069, *2 (E.D. Cal. Nov. 25, 2014) (explaining the difference between fees awarded under 406(a) compared to 406(b)); *Wass v. Comm'r of Soc. Sec.*, No. 5:23-CV-0247-MCS (SK), 2025 WL 3050152, at *1 (C.D. Cal. Oct. 6, 2025) (slip copy) (finding the plaintiff's objection lacked merit because "[p]laintiff's prior attorney was awarded fees pursuant to a separate statutory provision—42 U.S.C. § 406(a)—for counsel's work in administrative proceedings. By contrast, this motion seeks fees for a different counsel's work in federal court, which is separately authorized by 42 U.S.C. § 406(b).").

After dispensing with any arguments unrelated to a § 406(b) fee award for work performed before this court, and to the best of this court's understanding, Plaintiff makes the following arguments opposing a § 406(b) fee award: that the work performed is not in proportion to the fee award because all counsel did was file paperwork, and this work was not directly attributable to the favorable outcome; that counsel's performance was substandard because he failed to notify Plaintiff of all goings on in his case, failed to answer Plaintiff's questions in a way that Plaintiff could understand, tried to limit the number of emails Plaintiff sent him, and requested a favorable decision on-the-record without Plaintiff's permission; and that counsel was rude and "abusive" and tried to get more money out of Plaintiff through underhanded tactics as described in the response. As to the first argument on proportionality, there is no requirement in the statute or the fee agreement that counsel argue Plaintiff's case before a judge in order to be entitled to fees; indeed, creating and filing mere "paperwork" makes up the bulk of the actions necessary to prosecute this kind of case. There is no indication from the hourly billing sheet that Mr. Rohlfing has billed for administrative or clerical work, and thus he is entitled to fees for the work he performed. Moreover, Plaintiff's argument that Mr. Rohlfing's work was unrelated to the favorable outcome achieved is belied by Plaintiff's persistent confusion about what to file, where to file, and what legal arguments to make before each level of review, which demonstrates the

*United States District Court*
*Northern District of California*

necessity of counsel in successfully appealing his case.[8]

As to Plaintiff's arguments about Mr. Rohlfing's performance, these objections lack merit. While the court acknowledges that Plaintiff did not appreciate the manner of Mr. Rohlfing's communications and did not always understand certain actions taken in his case, the fact remains that Mr. Rolfing's appeal of this case and request for review upon remand earned Plaintiff a fully favorable decision and an award of $108,738.00 in past-due benefits.[9] There is no evidence that Mr. Rohlfing's submissions to the court were poorly prepared or devoid of legal citations, were not compliant with briefing deadlines, or were filed incorrectly. *See, e.g.*, *Abed v. Astrue*, No. 03:09-CV-00160-HU, 2011 WL 5025882, at *5 (D. Or. Oct. 21, 2011) ("Examples of substandard representation include poor preparation for hearings, failing to meet briefing deadlines, submitting documents to the court that are void of legal citations, and overbilling one's clients."). Finally, Plaintiff's argument about counsel's "tactics" is not borne out by the record or his own examples. There is no evidence that Mr. Rohlfing improperly requested fees through either the contingency fee agreement, which conforms to the statutory requirements, or through requests to this court.[10]

---

[8] Plaintiff's argument that this case was very simple and the fee request is not justified by the amount of work required is not convincing. First, the Ninth Circuit has noted that "the term 'routine' is a bit of a misnomer [in] social security disability cases [as these cases] are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012). Although this case was relatively ordinary, it still required a full review of the administrative record and medical evidence, and there is no evidence that the time spent on the case was out of proportion to the work performed. While the case was eventually remanded by joint stipulation, Plaintiff's counsel filed the brief arguing the case before this joint stipulation was reached, and this work is arguably what led to the eventual stipulation. Moreover, the court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

[9] Plaintiff's response states that Mr. Rohlfing first estimated that Plaintiff would receive $89,118.00, but he later stated to an ALJ that Plaintiff would receive $35,000.00 in benefits. (Dkt. 28, at 20.) The court does not know the context in which these numbers were presented because the court does not have the relevant exhibits, but that is not necessary for the determination here. The letter from the Social Security Administration to Plaintiff dated October 22, 2025, attached to counsel's motion for fees, informs Plaintiff that the Agency usually withholds 25% of past-due benefits for attorney's fees and that they withheld $27,184.50 from Plaintiff for this purpose. (Dkt. 20-3, at 2.) Working backwards from this number, Plaintiff was awarded $108,738.00 in past-due benefits. Plaintiff has not submitted any evidence that another number is the true amount of past-due benefits awarded. While he may have had his benefits reduced later for any number of reasons, the 25% statutory limit is calculated prior to these reductions. *See Blake v. Berryhill*, No. CV 14-3344 AS, 2018 WL 5905813, at *3–4 (C.D. Cal. Aug. 13, 2018) (Plaintiff's objections were based on SSA discrepancies in benefit payouts that were not related to the amount of fees awarded).

[10] Plaintiff also complains that Mr. Rohlfing was improperly awarded fees under the EAJA. Mr. Rohlfing

United States District Court
Northern District of California

Moreover, counsel's fee request of $25,000.00 is less than the fee agreement and statutory maximum percent, representing about 23% of the past-due benefits. Finally, there is no evidence of dilatory conduct causing unnecessary delay and the excessive accrual of past-due benefits.

The court's prior findings on the risk associated with this case remain unchanged. The requested fees are reasonable given the risk assumed by counsel in taking this case on a contingency basis, as the claims had already been denied in multiple administrative proceedings. *See Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants"); *Ainsworth*, 2020 WL 6149710 at *3 ("Here, Counsel assumed a substantial risk of not recovering attorneys' fees because the claims had been denied after exhausting administrative remedies."); *Lewis v. Dudek*, No. 22-CV-05180-TSH, 2025 WL 1104770, at *2 (N.D. Cal. Apr. 14, 2025) ("the requested fee is also reasonable because of the substantial risk of loss inherently involved in representing Social Security disability claimants."). Overall, Mr. Rohlfing's fee request is reasonable because it comports with the contingency fee agreement and the statute, it represents a reasonable number of hours billed and a reasonable effective hourly rate, there is no evidence that his performance was substandard or that he caused undue delay, and there was risk associated with taking the case.

Once the court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $6,381.83 in EAJA fees previously awarded.

Turning to Plaintiff's filing titled "Motion for Sanctions," the entirety of the motion reads as follows:

---

requested fees under the EAJA pursuant to the fee agreement that Plaintiff signed, which assigns EAJA fee awards to Mr. Rohlfing and gives his consent for Mr. Rohlfing to move for EAJA fees. (Joint Stip. for EAJA Fees, Dkt. 18.) As such, the EAJA fee stipulation and award were not improper.

United States District Court
Northern District of California

Alejandro C. Ibarra hereby petitions the Court and advises attorney Mr. Lawrence Rohlfing regarding 7 day notice emailed and faxed on 12/3/25 to this Court, opposing party Counsel and Mr. Lawrence Rohlfing, and in regards to "Meet and Confer" request and subsequemt [sic] follow-up Motion for Sanctions against Mr. Rohlfing, and to show cause, and for his clear violation of Judge Illman's order on 11/4/25, and of which was for Mr. Rohlfing to file my Documents provided to the Court and for Mr. Rohlfings unethical, exhorbitant [sic] and unauthorized fee request, pursuant to FRCP 11, and as I do in fact have strong evidence of a pattern of behavior, and of egregious, willful conduct. I would also like to respectfully advise the Court regarding this 5th official attempt at requesting attorney discipline and for request for information and instructions from the Court Clerk on how to file a complaint with the "Standing Committee on Professional Conduct", and both requests puruant [sic] to Civil Local Rule 1 l-4(b), 1 83-3.1.1,, 83-3.1.2., 83-3.1.3., 83-3.1.4., 83-3.2., 83-3.3, 2.30, 5.14, 8.276. Furthermore, and as Pro Se, and with all due respect, I barely had time to file this current Notice of Motion, and of which was the Court's and Mr. Rohlfing's obvious intent, and so as to run out the clock, and in order to put forth an unethical order for Mr. Rohlfings unauthorized Fee request. As such, I can in fact prove that the Court unethically granted the initial order, and within 5 days of receiving fee request, and then subsequently proceeded to illegally ignore my ADA accommodation request for more time, and forcing me to learn how to navigate the federal court system wihin [sic] a ridiculous timeframe and being fully aware of my disability, and of which said disability makes it extremely difficult to do research. As such I am once again respectfully requesting ADA accommodation for time to properly prepare, and for my complaint to the "Standing Committe [sic] on Professional Conduct", and for me to file a Motion for Sanctions against Mr. Rohlfing.

(Pl.'s Mot. Sanctions, Dkt. 32.) The court has already explained that the ADA does not apply to federal courts and that the court cannot advise Plaintiff on how to proceed in this action. (*See* supra page 2 n.2.) The court cannot discern what "sanction" Plaintiff is requesting from the above, beyond perhaps a reduction or denial of attorney's fees in this action. The court has already explained above why counsel's requested fee is reasonable and no reduction based on Plaintiff's objections is warranted. As for Plaintiff's contention that his counsel violated a court order by refusing to file documents on his behalf, Plaintiff did not attach any exhibits to demonstrate this refusal nor submit the missing exhibits to the court himself, despite his successful filing of the motion for sanctions. Moreover, the court does not find it appropriate to reduce counsel's fee for his successful prosecution of Plaintiff's social security case based on behavior that was not part of that prosecution. As such, Plaintiff's Motion for Sanctions is DENIED.

Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis along with his Motion for Sanctions. (Dkt. 31.) In forma pauperis status waives the initial filing fee for a case—as this case

9

was already open when Plaintiff filed his motion, in forma pauperis status is not applicable, and his Motion is MOOT.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Plaintiff's counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $25,000.00, payable to the Law Offices of Lawrence D. Rohlfing, Inc. The court **ORDERS** the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a). Counsel is **ORDERED** to reimburse Plaintiff the $6,381.83 in EAJA fees to offset the payment of 406(b) fees. Plaintiff's Motion for Sanctions is **DENIED**, and Plaintiff's Motion for Leave to Proceed IFP is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: February 25, 2026

_____
ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

10